# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **AMJAD MASAD,**<br><br>    *Plaintiff*,<br><br>v.<br><br>**RANDALL FINE,** *in his official capacity as a member of the U.S. House of representatives and his individual capacity,*<br><br>    *Defendant.* | Case No. _____<br><br><br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff Amjad Masad ("Plaintiff"), by and through undersigned counsel, sues Defendant Congressman Randall Fine ("Defendant" or "Rep. Fine") and alleges as follows:

## INTRODUCTION

1. This case challenges Defendant Fine's viewpoint-based blocking of Plaintiff from Defendant's official X (the platform formerly known as Twitter) account used to communicate with constituents and the public about official matters.

2. Rep. Fine blocked Plaintiff in February 2026, after Plaintiff replied to and criticized Fine's post comparing Muslims to dogs.

3. By virtue of his X account, @RepFine, Defendant opened an interactive online space for speech and engagement regarding governmental matters, then excluded Plaintiff from that space based on Plaintiff's protected expression criticizing Defendant's Islamophobic official statements.

4. Plaintiff seeks declaratory and injunctive relief to end this ongoing violation of his First Amendment rights.

## JURISDICTION AND VENUE

5. This Court has federal question and supplemental jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983, because the federal law claim arises under the Constitution and statutes of the United States.

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and authority to grant declaratory relief under 28 U.S.C. §§ 2201–2202.

7. Venue is proper in this District under 28 U.S.C. § 1391, because Defendant resides in this District and because Defendant's unconstitutional conduct was directed into this District through his Official X Accounts, which he uses to communicate with the public regarding official matters.

## PARTIES

8. Plaintiff Amjad Masad is a resident of California, a United States citizen, a Muslim immigrant from Jordan, and a user of X.

9. Defendant Randall Fine is a Member of the United States House of Representatives and resides in Brevard County. He is sued in his official capacity as well as his individual capacity for declaratory and injunctive relief.

## FACTUAL ALLEGATIONS

I. **DEFENDANT'S OFFICIAL USE OF X**

10. Defendant operates and/or controls one or more X accounts that are held out as official channels of his office (collectively, the "Official Accounts"), including:

    a. An account with the handle **@repfine** and name "Congressman Randy Fine."

    b. An account with the handle **@voterandyfine** and name "Randy Fine."

    c. any additional X accounts Defendant uses to communicate in an official capacity.

11. Defendant uses the Official Accounts to communicate legislative activity, governmental services, constituent issues, and official events, by announcing positions and actions and engaging the public on governmental affairs.

12. For example, on February 19, 2026, Defendant tweeted that he was introducing a federal act entitled "Protecting Puppies from Sharia Act." This proposed federal legislation would impact the entire nation.

13. Defendant's account @RepFine links to his official government webpage, fine.house.gov, and places his location as Washington, D.C.—i.e. not his home state, but the place from which he conducts official government business.

14. Defendant's description for this account is "Husband and father proudly serving Florida's 6th Congressional District. Pronouns: Hebrew/Hammer."

15. The Official Accounts are configured to enable public interaction through replies, quote-posts, reposts, and other engagement features (the "Interactive Space").

16. Defendant does not limit access to his Official Accounts or Interactive Space to residents of his congressional district. Members of the public nationwide may view Defendant's posts, reply, and participate in discussion threads. Defendant does not—and cannot—determine the geographic residence of most users before allowing or denying access to the Interactive Space.

## II. PLAINTIFF'S PROTECTED SPEECH AND ATTEMPTED PARTICIPATION

17. On or about February 12, 2026, Nerdeen Kiswani, a Palestinian-American activist and organizer, made a comment on X in the context of a local discussion about dog owners who had not cleaned up after their pets in New York City.

18. Kiswani's post stated: "Finally, NYC is coming to Islam. Dogs definitely have a place in society, just not as indoor pets. Like we've said all along, they are unclean." Kiswani's comment included language about Islam and dogs that she later described as satirical, reflecting a hyper-local conversation about dog waste, not an actual call for policy or action. *See "Palestinian activist calls for dogs to be banned as indoor pets in NYC because they are un-Islamic,"* MSN (Feb. 17, 2026), https://www.msn.com/en-us/news/world/palestinian-activist-calls-for-dogs-to-be-banned-as-indoor-pets-in-nyc-because-they-are-un-islamic/ar-AA1Witg4 (last visited Feb. 24, 2026).

19. On or about February 15, 2026, Defendant responded from his Official Account: "If they force us to choose the choice between dogs and Muslims is not a difficult one."

20. Defendant's post was indicative of his unabashed, deep-seated antipathy and bigotry towards Muslims, Arabs and Palestinians. For example, in prior posts on X, Defendant replied to the State of Palestine's official account

stating, "You teach Muslim terror. We will NEVER FORGET"; called for the Mayor of New York City, Zohran Mamdani, to be denaturalized and deported while blaming him for what Defendant described as a rise in "Muslim terror"; and separately stated that "Palestinian is a synonym for evil." These statements, made on or about February 12–14, 2026, demonstrate Defendant's hostility and a broader pattern of animus towards Muslims, Arabs and Palestinians.

21. Plaintiff replied to Defendant's post about choosing between dogs and Muslims with a sarcastic political comment: "Are you talking about what's for lunch?"

22. Plaintiff's reply constituted constitutionally protected expression criticizing Defendant's statements as a public official.

23. Shortly thereafter, Defendant blocked Plaintiff from accessing the account by using X's "block feature," which prevents those affected individuals from further interacting with the account in question.

24. Upon information and belief, given the circumstances, Defendant's block was motivated by Plaintiff's protected speech and viewpoint, specifically Plaintiff's criticism of Defendant's statements.

25. Courts have recognized that the interactive component of an official's social-media page generally constitutes a forum for speech and that banning a

critic from that interactive component constitutes unconstitutional viewpoint discrimination. *See Lindke v. Freed*, 601 U.S. 187, 201-04 (2024)

26. For these reasons, Defendant's block of Plaintiff excludes him from viewing and participating in the Interactive Space in the manner available to unblocked users, including replying to posts, engaging in threads, and interacting with Defendant's posts and other users in that forum.

27. The effects of the block are ongoing and continue to exclude Plaintiff from a forum in which he is entitled to participate under the First Amendment.

28. On information and belief, Defendant has engaged in a broader pattern of blocking critics from his Official X Accounts based on their political viewpoints, while continuing to permit favorable commentary. For example, in February 2026, Defendant similarly blocked Aaron Baker, a Republican congressional candidate, after Baker criticized Defendant's official positions. Defendant's exclusion of Plaintiff was consistent with this pattern of selectively silencing dissenting speech.

29. For the above reasons, Defendant's viewpoint-based exclusion of Plaintiff from the Interactive Space violates Plaintiff's First Amendment rights.

## CLAIM FOR RELIF

## VIOLATION OF THE FIRST AMENDMENT OF THE U.S. CONSTITUTION (Viewpoint Discrimination)

30.  Plaintiff realleges and incorporates by reference Paragraphs 1 through 29 as if fully set forth herein.

31.  Defendant's blocking of Plaintiff violates the First Amendment because it imposes a viewpoint-based restriction on Plaintiff's right to read and participate in a public forum, right to petition the government for redress of grievances, and right to access official statements.

32.  Defendant maintains and controls Official X Accounts, including the one from which Plaintiff has been blocked, as channels for communicating with members of the public regarding official matters and uses the interactive features of those accounts as an open space for public engagement.

33.  By intentionally opening the Interactive Space for public discussion of governmental matters, Defendant created a designated or limited public forum for speech, subject to the constraints of the First Amendment.

34.  Plaintiff engaged in, or attempted to engage in, protected speech in the Interactive Space, including criticism of Defendant's official statements and conduct.

35.  Defendant thereby excluding Plaintiff from viewing and participating in the Interactive Space in the manner available to other members of the public.

36. Defendant's blocking of Plaintiff was motivated by Plaintiff's viewpoint and accordingly constituted viewpoint discrimination, because Defendant blocked Plaintiff after Plaintiff replied to and criticized Defendant's official post comparing Muslims to dogs.

37. Viewpoint discrimination in a forum opened for public participation violates the First Amendment.

38. Defendant's conduct has caused and continues to cause Plaintiff irreparable injury, including loss of First Amendment freedoms and exclusion from ongoing civic discourse and petitioning activity.

39. Plaintiff has no adequate remedy at law for the continuing constitutional violation.

40. Declaratory and injunctive relief are necessary to prevent further harm.

41. Defendant's viewpoint-based blocking deprives Plaintiff of rights secured by the First Amendment, including the right to be free from viewpoint discrimination in a forum Defendant uses and made available for public participation.

42. Defendant's blocking directly caused Plaintiff injury, including exclusion from the Interactive Space, loss of access to an ongoing governmental communications forum, and chilling of Plaintiff's participation in protected speech.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and grant the following relief:

A. A declaration that Defendant's blocking of Plaintiff from his @repfine account, or any of his Official Accounts (including those labeled personal but used for official purposes), constitutes viewpoint-based discrimination in violation of the First Amendment;

B. A permanent injunction restraining and enjoining Defendant, his officers, agents, servants, employees, attorneys, and all persons in active concert or participation with him (*see* Fed. R. Civ. P. 65(d)(2)), from continuing to block Plaintiff from Defendant's Official X Accounts based on viewpoint, and ordering Defendant to unblock Plaintiff;

C. An award of reasonable attorneys' fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988 and all other applicable legal authority;

D. Such other and further relief as the Court deems just and proper.

February 25, 2026

                                                     Respectfully submitted,

                                                     By:

                                                   Hassan Shibly, Esq.
                                                   **Florida Bar No. 94314**
                                                   Malak Afaneh, Esq. and

Jenin Younes, Esq. (*pro hac vice* forthcoming)
**MUSLIM LEGAL, P.A.**
10730 N 56th St, Suite 208
Tampa, FL 33617
Office: (786) 772-4786
hassan@shiblylaw.com
legal@shiblylaw.com
*Attorneys for Plaintiff*

/s/*Malak Afaneh*
Staff Attorney
mafaneh@adc.org

/s/*Jenin Younes*
National Legal Director
jyounes@adc.org

AMERICAN-ARAB
ANTI-DISCRIMINATION
COMMITTEE
910 17th Street Northwest,
Suite 1000
Washington, D.C. 20006
Telephone: (202) 244-2990

*[The remainder of this page was intentionally left blank]*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 25TH day of February 2026, a true and correct copy of the Plaintiff's Complaint was sent by electronic mail to the United States District Court, For the Middle District of Florida, Orlando Division, and Defendant as described below.

    Randall Fine
    103 OAK ST
    MELBOURNE BEACH FL 32951

Respectfully submitted,

By: _____
Hassan Shibly, Esq.
**Florida Bar No. 94314**
Malak Afaneh, Esq. and
Jenin Younes, Esq. (*pro hac vice* forthcoming)
**MUSLIM LEGAL, P.A.**
10730 N 56th St, Suite 208
Tampa, FL 33617
Office: (786) 772-4786
hassan@shiblylaw.com
legal@shiblylaw.com
*Attorneys for Plaintiff*

    /s/*Malak Afaneh*
    Staff Attorney
    mafaneh@adc.org

    /s/*Jenin Younes*
    National Legal Director
    jyounes@adc.org

12

 A<small>MERICAN</small>-A<small>RAB</small>
A<small>NTI</small>-D<small>ISCRIMINATION</small>
C<small>OMMITTEE</small>
910 17th Street Northwest, Suite 1000
Washington, D.C. 20006
Telephone: (202) 244-2990