## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

AMJAD MASSAD,

                              *Plaintiff*,

                v.

RANDALL FINE, *in his official capacity as a Member of the U.S. House of Representatives, and in his personal capacity*,

                              *Defendant*.

CASE NO. 6:26-CV-00442

TIME-SENSITIVE MOTION FOR ALTERNATIVE SERVICE OF DEFENDANT

## TIME-SENSITIVE MOTION FOR ALTERNATIVE SERVICE OF DEFENDANT RANDALL FINE

Pursuant to Federal Rule of Civil Procedure 4(e)(1), Plaintiff respectfully moves this Court to authorize alternative methods of service of the Summons, Complaint, Motion and Memorandum in Support of Preliminary Injunction and accompanying Exhibit (A) filed in this case to Defendant Randall Fine, who is sued in his individual capacity, as well as his official capacity as a member of the United States House of Representatives. *See* Fed. R. Civ. P. 4(e)(1) (permitting alternative service according to the law of the state in which the district court adjudicating the case is located).

This Motion is time-sensitive because the constitutional harms that form the basis of this lawsuit are ongoing; each passing day, Plaintiff's First Amendment rights are being violated by Defendant's unlawful action against him. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976). Furthermore, Defendant brazenly flouts the law and abuses his

1

position as a member of Congress by intentionally evading service and deceitfully engaging law enforcement to obstruct process servers performing their duties. The longer Defendant is permitted to engage in this obstructive behavior, the stronger the message to other government officials that they are above the law and can escape accountability for their unlawful conduct by using their clout with local law enforcement.

On February 25, 2026, Plaintiff filed his Complaint. *See* ECF 1. On March 3, 2026, Plaintiff filed a Motion for Preliminary Injunctive Relief along with a Memorandum in Support, as well as a Motion for Oral Argument. ECF Nos. 10, 11. On March 4, 2026, the Court issued a summons for Mr. Fine. *See* ECF No. 15.

On March 5, 2026, Deyar Jamil, Esq., one of the attorneys representing Plaintiff, made arrangements with a professional process server (Proof) to personally serve Defendant with all substantive filings thus far—specifically the Summons, Complaint, Motion for Preliminary Injunction, Memo of Law, and Exhibit, and Motion to Orally Argue, pursuant to Fed. R. Civ. P. 4(i)(3), which provides that United States officers or employees sued in their individual capacity must be served "under Rule 4(e)." *See* Exhibit A, Affidavit of Deyar Jamil (hereinafter "Ex. A.") ¶ 6. Upon information and belief, Defendant maintains an office on Capitol Hill, in Washington, D.C., at 244 Cannon House Building, and resides at 103 Oak Street, Melbourne Beach, Florida 32951. *See* Ex. A ¶¶ 5, 13.

On March 5, 2026, a process server named Donald Uzochukwu who works for Proof attempted to serve Defendant at his office on Capitol Hill. *See* Ex. A, ¶¶ 6-9;

Notes from Proof on Attempt to serve Defendant's Place of Employment (Washington, D.C., Mar. 9, 2026), Exhibit B (hereinafter "Ex. B"). While acknowledging that Defendant worked there, an individual who identified himself as Defendant's Chief of Staff, and by the first name "Jason" refused service and instructed the process server to "follow the law and deliver it to the Congressman himself." Ex. A ¶ 8; Ex. B.

The same day, March 5, 2026, another process server named Timothy Jace attempted to serve Defendant at his home in Melbourne Beach. Ex. A ¶ 14; Notes from Proof on Attempt to Serve Defendant's Residence (Melbourne Beach, Florida, Mar. 9, 2026), Exhibit C (hereinafter "Ex. C"). Defendant's security staff member refused to allow Mr. Jace to see Defendant while declining to accept service on his behalf, and ordered Mr. Jace to leave the premises immediately. Ex. A ¶ 14; Ex. C. A staff member took photos of Mr. Jace and his vehicle. Ex. A ¶ 14; Ex. C.

Ms. Jamil asked Proof to attempt service the following day, but the company informed her that Defendant's staff had made a false complaint to local law enforcement against Mr. Jace (that he had impersonated a law enforcement officer) and that Mr. Jace had to go to the police department before attempting service again. Ex. A ¶¶ 15-16. Mr. Jace was very upset by the allegation and stated that he spoke with an attorney who informed him that Defendant has a history of evading service and could create trouble for Mr. Jace. Ex. A ¶¶ 17-18. Mr. Jace felt threatened and did not want to return to Defendant's residence again, and Ms. Jamil did not want to

expose Mr. Jace to this kind of maltreatment, so told him and the company to cease attempting to serve Defendant at either his home or office.  Ex. A ¶¶ 22-23.

Proof informed Ms. Jamil that the only other available option was to have the Sheriff's Office serve Defendant but that it would take 6 to 8 weeks to complete and cost an additional $160.  Ex. A ¶ 20.

Of relevance, Defendant is evading service in a similar case, *Baker v. Fine*, 5:26-cv-00135 (M.D. Fla.).  *See* ECF 1 (Attachment 4: Notice of Related Action). Defendant has similarly evaded service in that case, calling police on the process server who was ordered to leave Capitol Hill grounds.  *See* Mark Halper, *Man Serving Lawsuit to Randy Fine ordered off Capitol Grounds*, USA TODAY (Mar. 4, 2026), https://tinyurl.com/3kk73nu3 (last visited Mar. 5, 2026).

Given the situation, Plaintiff does not want to continue to attempt personal service on Defendant, since doing so involves exposing the process servers to personal risk.  Defendant is obviously aware that a lawsuit has been filed against him and is intentionally evading efforts to serve him.  His intransigence and apparent belief that he is above the law should not be rewarded.

Plaintiffs are unaware of any other agent who is authorized to accept service on his behalf.  Additional efforts to serve Defendant through one of the methods permitted under Fed. R. Civ. P. 4(e)(2) would be unduly costly and burdensome given that Defendant is actively making efforts to evade service. *See* Ex. A ¶¶ 11–12.

Florida law permits alternative service where an individual "conceals its whereabouts." *See* Fla. Stat. § 48.161(3).   In such circumstances, a plaintiff may serve

the office of the Secretary of State by personal delivery and to serve the Defendant by registered or certified mail without a return receipt or other proof showing acceptance. *See* Fla. Stat. § 48.161(1)-(3). Plaintiffs have hired a process service, which has made two attempts, and spent $462 trying to serve Mr. Fine. *See* Ex. A ¶¶ 23, 25-26; Invoices for Service Attempts, Exhibit D (hereinafter "Ex. D"). Proof would have made two more attempts had Defendant not intimidated the process servers by weaponizing law enforcement. Clearly, further efforts would be fruitless as Defendant is intentionally attempting to avoid being served.

Due to the above-described circumstances, Plaintiff respectfully requests that the Court grant this motion and order alternative service as permitted by Florida law, on the Secretary of State through personal service and certified or registered mail on the Defendant's place of residence (albeit without requiring proof of acceptance, given Defendant's intentional attempts to evade service).

## Local Rule 3.01(g) Certificate

Pursuant to Local Rule 3.01(g), Plaintiffs certify that they were unable to confer with Defendant regarding this motion because Defendant has not yet been served and has not appeared in this action. Accordingly, no counsel for Defendant is known to Plaintiffs with whom conferral could occur.

DATED: March 9, 2026                    Respectfully submitted,

                                        */s/ Malak Afaneh*

Staff Attorney
Lead Counsel for Plaintiff
mafaneh@adc.org
(*pro hac vice*)


/s/ *Jenin Younes*
National Legal Director
jyounes@adc.org
(*pro hac vice*)


AMERICAN-ARAB
ANTI-DISCRIMINATION
COMMITTEE
910 17th Street Northwest,
Suite 1000
Washington, D.C. 20006
Telephone: (202) 244-2990


/s/ *Hassan Shibly*
MUSLIM LEGAL
Florida Bar # 94314
10730 N. 56th Street, Suite 208
Tampa, Florida 33617
hassan@shiblylaw.com
legal@shiblylaw.com
Telephone: (786) 772-4786


*Attorneys for Plaintiff*