UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMJAD MASAD,

    Plaintiff,

vs.

RANDALL FINE,

    Defendant.

Case No.
6:26-cv-442-ACC-RMN

## ORDER

This matter is before the Court without oral argument on Plaintiff's Motion for Alternative Service. Dkt. 22. The Motion was referred to me on March 9, 2026. Upon consideration, the Motion is denied without prejudice.

In the Motion, Plaintiff argues that service pursuant to Florida Statute § 48.161(1)–(3) is proper because Defendant has concealed his whereabouts and avoided service. Dkt. 22 at 119–21.[1] Plaintiff states that he attempted to serve Defendant at his office in Washington, D.C., and once at his home in Florida. *Id.* at 118–19. The affidavit in support of the Motion states that the process server was informed Defendant

---

[1] The pinpoint citations referenced in this Order refer to the PageID number found in the CM/ECF header at the top of each page.

was not at his office and the person present was not authorized to receive service. Dkt. 22-1 at 125. The process server who visited Defendant's Florida home was told by a "security staff member" he could not see the Defendant and needed to leave the premises immediately. *Id.* at 126. The staff member also told the process server he was not authorized to accept service and allegedly made a false complaint to local law enforcement. *Id.* at 126–27.

Additionally, Plaintiff states that the company he hired to serve process informed Plaintiff that they could have the Sheriff's Office serve Defendant "but that it would take 6 to 8 weeks to complete and cost an additional $160." Dkt. 22 at 120.

Taken together, Plaintiff has not demonstrated that Defendant has actively avoided service or concealed his whereabouts. *Blue Water Dynamics, LLC v. Kalil*, No. 6:20-cv-290, 2020 WL 13349100, at *3 (M.D. Fla. May 22, 2020) (denying motion for alternative service where motion did not provide affirmative evidence that there was an individual competent to accept service at defendant's residence any of the five times service was attempted); *c.f. Haney v. Olin Corp.*, 245 So. 2d 671, 673 (Fla. 4th DCA 1971) (allowing alternative service where sheriff personally observed defendant before the defendant fled back into his home and slammed the door). The fact that Defendant may have avoided service in the past is not a sufficient basis to establish that

he is avoiding service in this case. *Blue Water Dynamics*, 2020 WL 13349100, at *4.

Furthermore, Plaintiff has informed the Court that he has a readily available method to serve Defendant: the Sheriff's Office. Surely a duly elected representative of the United States will not attempt evade a deputy sheriff's attempt at service. If an extension of time to serve is needed to provide the Sheriff's Office with sufficient time effect service, Plaintiff may file a motion requesting an extension as that deadline nears.

Finally, the Court is aware of the burden on Plaintiff to serve Defendant and the costs associated with it. The Federal Rules provide avenues through which plaintiff can recover those expenses, if warranted. *See, e.g.*, Fed. R. Civ. P. 4(d)(2) (authorizing a court to award a plaintiff reasonable expenses "incurred in making service" if a defendant does not waive service).

Accordingly, it is **ORDERED** that Plaintiff's Motion for Alternative Service (Dkt. 22) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Orlando, Florida, on March 11, 2026.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

- 4 -

Copies to:

Counsel of Record